DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 2018-31 |
| | ) | |
| EZEQUIEL RIVERA GOMEZ aka | ) | |
| FRANCISCO MEJIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 2018-32 |
| | ) | |
| LUIS MIGUEL RECIO-FERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

ATTORNEYS:

**Gretchen Shappert, United States Attorney**
**Everard E. Potter, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
   *For the United States of America,*

**Omodare Jupiter, FPD**
**Gabriel J. Villegas, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
   *For Ezequiel Rivera Gomez and Luis Miguel Recio-Fernandez.*

## **ORDER**

Before the Court are the applications of Ezequiel Rivera Gomez and Luis Miguel Recio-Fernandez to dismiss the Indictments

*United States v. Rivera Gomez*
Criminal No. 2018-31
*United States v. Recio-Fernandez*
Criminal No. 2018-32
Order
Page 2

in their respective matters for violations of the Speedy Trial Act.

## I. FACTUAL AND PROCEDURAL HISTORY

On August 28, 2018, the United States filed a criminal complaint charging Ezequiel Rivera Gomez ("Rivera Gomez") with one count of unlawfully reentering the United States after having been deported in violation of 8 U.S.C. § 1326. On the same date, the United States also filed a separate complaint charging Luis Miguel Recio-Fernandez ("Recio-Fernandez") with the same violation. Rivera Gomez and Recio-Fernandez each appeared before the Magistrate Judge for an initial appearance on that day.

On September 13, 2018, the Grand Jury returned a one-count Indictment charging Rivera Gomez with one count of unlawfully reentering the United States after having been deported in violation of 8 U.S.C. § 1326. On the same date, the grand jury returned a separate Indictment charging Recio-Fernandez with the same violation.

Rivera Gomez and Recio-Fernandez were each arraigned on their respective indictments on September 19, 2018. At their arraignments, the Magistrate Judge entered an order in each matter setting a motions deadline for October 8, 2018,

*United States v. Rivera Gomez*
Criminal No. 2018-31
*United States v. Recio-Fernandez*
Criminal No. 2018-32
Order
Page 3

scheduling an omnibus hearing for October 29, 2018, and scheduling a trial for November 5, 2018.

On October 5, 2018, Rivera Gomez and Recio-Fernandez each filed a motion to continue the omnibus hearing and trial dates. Their motions also requested an extension of time to file motions. Rivera Gomez and Recio-Fernandez each asserted that they needed additional time to prepare a motion to suppress. Rivera Gomez and Recio-Fernandez each asked the court to extend their motions deadlines to October 31, 2018. Rivera Gomez and Recio-Fernandez also asked the Court to cancel their respective omnibus hearing and trial and to hold "a status conference . . . during the week of November 12, 2018[,] to schedule [new] omnibus hearing and trial date[s]." Motion to Continue at 2, *United States v. Gomez*, Crim. No. 2018-31, ECF No. 19; Motion to Continue at 2, *United States v. Recio-Fernandez*, Crim. No. 2018-32, ECF No. 20. The Court never ruled on those motions.

On October 22, 2018, Rivera Gomez and Recio-Fernandez each filed a motion to compel. Rivera Gomez and Recio-Fernandez each asserted that the United States was in possession of a video Rivera Gomez and Recio-Fernandez each believed would provide support for a motion to suppress. At an October 26, 2018, hearing before the Magistrate Judge, the United States informed

*United States v. Rivera Gomez*
Criminal No. 2018-31
*United States v. Recio-Fernandez*
Criminal No. 2018-32
Order
Page 4

the Court that the video in question had been in the possession of the Government of the Virgin Islands (the "GVI") but the GVI had deleted the video.

On October 26, 2019, Rivera Gomez and Recio-Fernandez each moved to suppress statements and physical evidence. On October 29, 2018, the Court held a hearing on the motions of Rivera Gomez and Recio-Fernandez to suppress. At the conclusion of the hearing, the Court ordered the parties to file briefs addressing certain questions raised during the hearing. The Court also rescheduled the trial to commence on December 3, 2018. On November 5, 2018, Rivera Gomez, Recio-Fernandez, and the United States filed their briefs.

After the October 29, 2018, hearing, the Court continued the trial *sua sponte* four times with the last continuance setting the trial date for March 25, 2019.

On March 7, 2019, Rivera Gomez and Recio-Fernandez each moved to dismiss their respective Indictments based on violations of the Speedy Trial Act.

On March 20, 2019, the official transcript of the October 29, 2018, hearing was entered on the docket. Later that day, the Court entered orders granting the motions of Rivera Gomez and Recio-Fernandez to suppress. On March 21, 2019, the United

*United States v. Rivera Gomez*
Criminal No. 2018-31
*United States v. Recio-Fernandez*
Criminal No. 2018-32
Order
Page 5

States filed a notice of appeal in each matter. Thereafter, the Court vacated the trial setting in each case and ordered the parties to apprise the Court of the status of each matter every 30 days.

## II.   DISCUSSION

The Speedy Trial Act requires that a criminal defendant go to trial "within seventy days of the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). 18 U.S.C. § 3161(c). If trial does not occur with the 70-day limit, the Speedy Trial Act requires that the charges in the charging instrument. 18 U.S.C. § 3162(a)(1). Dismissal may be with or without prejudice. 18 U.S.C. § 3162(a)(1). When determining the appropriate remedy for a Speedy Trial violation, the district court must consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of justice." 18 U.S.C. § 3162(a)(1).

Under the Speedy Trial Act, however, certain "periods of delay shall be excluded in computing the time within which an

*United States v. Rivera Gomez*
Criminal No. 2018-31
*United States v. Recio-Fernandez*
Criminal No. 2018-32
Order
Page 6

information or indictment must be filed." 18 U.S.C. § 3161(h). Relevant here, the Speedy Trial Act excludes

> Any period of delay resulting from other proceedings concerning the defendant, including . . .
> . . .
> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;
> . . .
> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

18 U.S.C. § 3161(h)(1).

When calculating delays under the Speedy Trial Act, the district court excludes from the count days on which triggering events occur. *See United States v. Lattany*, 982 F.2d 866, 871-72 (3d Cir. 1992). Weekend days and holidays are included in the Speedy Trial count. *See United States v. Tinklenberg*, 563 U.S. 647, 661 (2011). The defendant bears the burden of proving a violation of the Speedy Trial Act. 18 U.S.C. § 3162(a)(2).

### III. **ANALYSIS**

A. **Violation of Speedy Trial Act**

The United States initially charged Rivera Gomez and Recio-Fernandez via a criminal complaint. Rivera Gomez and Recio-Fernandez each appeared before the Magistrate Judge for an initial appearance on August 28, 2018. On September 13, 2018,

*United States v. Rivera Gomez*
Criminal No. 2018-31
*United States v. Recio-Fernandez*
Criminal No. 2018-32
Order
Page 7

Rivera Gomez and Recio-Fernandez were each charged via an Indictment. Accordingly, the speedy trial clocks began to run for Rivera Gomez and Recio-Fernandez on September 14, 2018. *See United States v. Carrasquillo*, 667 F.2d 382, 384 (3d Cir. 1981) (holding that, because "Congress must have intended that a preindictment appearance constitutes an 'appearance before a judicial officer of the court in which such charge is pending,'" "[w]hen such an appearance occurs, the subsequent filing of an information or indictment against the defendant triggers the seventy-day period during which trial must commence"); *Lattany*, 982 F.2d at 871-72 (explaining that day of triggering event is excluded from speedy trial clock).

Rivera Gomez and Recio-Fernandez were each arraigned and pled not guilty on September 19, 2018[1]. On the same day, the Magistrate Judge entered a scheduling order granting the parties until October 8, 2018, to file pretrial motions. As the Third Circuit has explained, "the amount of time set aside by a district court for the preparation and submission of pretrial motions is excludable 'delay resulting from other proceedings' under 18 U.S.C. § 3161(h)(1), regardless of whether the time is

---

[1] At this time, 5 days had elapsed on each defendant's speedy trial clock.

*United States v. Rivera Gomez*
Criminal No. 2018-31
*United States v. Recio-Fernandez*
Criminal No. 2018-32
Order
Page 8

granted *sua sponte* or pursuant to the defendant's request." *United States v. Erby*, 419 F. App'x 176, 179 (3d Cir. 2011) (internal quotation marks omitted) (quoting *United States v. Barnes,* 909 F.2d 1059, 1064 (7th Cir.1990)); *Erby*, 419 F. App'x 176, 179 (3d Cir. 2011) (finding that the 27 days from the date of arraignment to the deadline set by the court for filing pretrial motions was excludable from the speedy trial clock). Accordingly, the time from September 19, 2018, through October 8, 2018, is excluded from the speedy trial clock.

Motions that do not require a hearing toll the speedy trial clock for 30 days or until they are ruled upon. *See, e.g.*, *United States v. Brown*, 404 F. App'x 665, 668 (3d Cir. 2010) (explaining that, where a district court did not rule on a motion for an extension of time, the filing of such a motion "tolled the speedy trial clock under 18 U.S.C. § 3161(h)(1)(D) and (H) for 30 days"). For motions that do require a hearing, the time between the filing of a motion and a hearing on that motion is excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D); *see also United States v. Rashid*, 593 F. App'x 132, 135 (3d Cir. 2014) ("When a pretrial motion requires a hearing, § 3161(h)(1)(D) excludes the entire period between the filing of the motion and the conclusion of the hearing."). After

*United States v. Rivera Gomez*
Criminal No. 2018-31
*United States v. Recio-Fernandez*
Criminal No. 2018-32
Order
Page 9

the hearing is complete, "the motion is 'actually under advisement,'[and] the trial court has up to 30 excludable days to decide it." *United States v. Scott*, 270 F.3d 30, 55 (1st Cir. 2001) (quoting 18 U.S.C. § 3161(h)(1)(H)).

Additionally, 18 U.S.C. § 3161(h)(1)(D) "excludes time after a hearing has been held where a district court awaits additional filings from the parties that are needed for proper disposition of the motion." *Henderson v. United States*, 476 U.S. 321, 331 (1986). Further, 18 U.S.C. § 3161(h)(1)(D) "excludes a post-hearing period during which the district court is awaiting preparation of a transcript of the hearing." *United States v. Polan*, 970 F.2d 1280, 1285 (3d Cir. 1992). Indeed, "[d]istrict courts often find it necessary to review the transcript of a hearing on a pretrial motion in order to rule on [a] motion" and "such transcripts are often more important than the posthearing submissions by counsel that were discussed in *Henderson*." *Id*.

Here, each speedy trial clock was set to run on October 9, 2018, after the motions deadline passed. On October 5, 2018, each clock was tolled for 30 days when Rivera Gomez and Recio-Fernandez each moved for an extension of time. Before those 30 days had passed, Rivera Gomez and Recio-Fernandez each filed

*United States v. Rivera Gomez*
Criminal No. 2018-31
*United States v. Recio-Fernandez*
Criminal No. 2018-32
Order
Page 10

their motions to suppress and tolled each speedy trial clock again.

After the October 29, 2018, hearing on the motions of Rivera Gomez and Recio-Fernandez to suppress, each speedy trial clock remained tolled while the Court awaited the preparation of the transcript from the October 29, 2018, hearing.[2] On March 20, 2019, that transcript was completed and filed on the docket. Thus, the motions of Rivera Gomez and Recio-Fernandez to suppress were "actually under advisement" at that time. Later that day, the Court entered an order granting the motions of Rivera Gomez and Recio-Fernandez to suppress. Each defendant's Speedy Trial clock began to run again the next day.

On March 21, 2019, the United States appealed the Court's March 20, 2019, order granting the motions of Rivera Gomez and Recio-Fernandez to suppress. The Court subsequently vacated the trial setting in each matter, and ordered the parties to keep the Court apprised of the status of the United States' appeal. The delay resulting from the appeal of the United States is excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(C) (providing that any "delay resulting from any

---

[2] The Speedy Trial clock was also tolled while the Court awaited additional briefing from the parties. Those briefs were filed on November 5, 2018.

*United States v. Rivera Gomez*
Criminal No. 2018-31
*United States v. Recio-Fernandez*
Criminal No. 2018-32
Order
Page 11

interlocutory appeal" "shall be excluded in computing the time within which the trial of any such offense must commence").

In sum, the Speedy Trial Act requires a defendant to proceed to trial within 70 days of his indictment. To date, five nonexcludable days have elapsed since the Indictments of Rivera Gomez and Recio-Fernandez.

The premises considered, it is hereby

**ORDERED** that Rivera Gomez's and Recio-Fernandez's motions to dismiss are **DENIED.**

S\_____
**Curtis V. Gómez
District Judge**